# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

CAMEL GROUP CO., LTD.,

      *Plaintiff*,

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
CUSTOMS AND BORDER
PROTECTION; FORCED LABOR
ENFORCEMENT TASK FORCE;
ALEJANDRO MAYORKAS, *in his
official capacity as the Secretary of the
Department of Homeland Security*;
TROY A. MILLER, *in his official
capacity as the Senior Official Performing
the Duties of the Commissioner for
U.S. Customs and Border Protection*;
ROBERT SILVERS, *in his official capacity
as Under Secretary for Office of Strategy,
Policy, and Plans and Chair of the Forced
Labor Enforcement Task Force*;

      *Defendants*.

Case No.: 25-00022

---

Mark V. Heusel
Jacob L. Clark (*admission pending*)
Dickinson Wright PLLC
350 S. Main Street, Ste. 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
jlclark@dickinsonwright.com
*Attorneys for Plaintiff*

---

**EXHIBIT 21 - MAY 16TH LETTER**



350 S. MAIN STREET, SUITE 300
ANN ARBOR, MI 48104-2131
TELEPHONE: 734-623-7075
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

MARK V. HEUSEL
MHeusel@dickinsonwright.com
734-623-1908

May 16, 2024

**VIA EMAIL**

United States Forced Labor Enforcement Task Force
Attn: Robert Silvers, Under Secretary for Strategy, Policy, and Plans
Chair, Forced Labor Enforcement Task Force
Office of the Secretary, Office of Strategy, Policy, and Plans
Department of Homeland Security
FLETF.UFLPA.EntityList@hq.dhs.gov

> *Re:* ***Concerns Regarding Camel Group Co. Ltd.'s UFLPA Entity List Removal Request Petition Process***

Dear Secretary Silvers and Honorable Members of the Task Force:

It has come to our attention that in a recently released unpublished Federal Register (2024-10544), dated today (May 16, 2024) and that is set to be published tomorrow (May 17, 2024), the Task Force has taken several actions including adding 26 additional entities to the UFLPA Entity List. Most notable is that "Camel Group Co. Ltd." still appears on the UFLPA Entity List pursuant to UFLPA Sec. 2(d)(2)(B)(ii), *leaving Camel Group unclear if the Task Force has taken action on its Removal Request Petition.*

The Task Force's actions today and throughout this process have been very concerning. On August 2, 2023, Camel Group was added to the UFLPA Entity List pursuant to UFLPA Sec. 2(d)(2)(B)(ii). On August 3, 2023, *the next day*, Camel Group, through counsel, contacted the Task Force regarding the listing. Camel Group made multiple requests for its Administrative Record including i) on August 18, 2023, Camel Group submitted a FOIA request to the DHS Privacy Office for the Administrative Record, and ii) on August 30, 2023, Camel Group, through counsel, sent a formal letter to the Task Force directly requesting the Administrative Record. Counsel for Camel Group continued to make requests for Camel's Administrative Record, but to no avail. Despite not receiving any response to our repeated request, Camel Group pressed ahead and submitted its formal Petition for removal on November 7, 2023, which also included a formal meeting request pursuant to the Federal Register.

On December 14, 2023, the Task Force provided Camel Group with questions regarding Camel's Petition. Before providing its answers, Camel Group made another formal written request to the Task Force for its Administrative Record in a letter on December 21, 2023. The Task Force provided a written response on January 31, 2024, but did not address Camel Group's request for its Administrative Record. On March 1, 2024, Camel Group provided its responses to the Task Force's questions, including providing hundreds of pages of new materials. In its responses, Camel again requested its Administrative Record and a formal meeting request pursuant to the Federal Register. On March 15, 2023, the Task Force agreed to Camel's meeting request, and set it for April 2, 2024.

United States Forced Labor Enforcement Task Force
May 16, 2024
Page 2

On April 2, 2024, Camel Group and the Task Force held a meeting structured as a "listening session" to discuss Camel Group's Petition. At no point during that meeting did the Task Force inform Camel Group of the reasons for inclusion on the UFLPA Entity List. The Task Force did not address why it had not provided Camel Group with its Administrative Record or ignored its multiple requests for the same. The Task Force did not ask any questions to Camel about its Petition or supporting evidence during that meeting. The Task Force did not allow any video or audio recordings of the meeting, and stated that it would not provide a transcript of the meeting. The Task Force did state, however, that it "understood" our concerns and that it did not require any additional information from Camel. The Task Force further stated that Camel's Petition was a "priority," and a decision would be forthcoming. In addition, the Task Force invited Camel to make any additional submissions in support of its Petition. On April 5, 2024, Camel Group, through counsel, sent a letter to the Task Force indicating it had nothing further to add and effectively closed the record. In that letter, we asked the Task Force to act quickly and inform us if the Task Force anticipated not holding a vote on Camel's Petition within 30 days and requested a full list of attendees. Both requests went ignored by the Task Force.

It was our understanding that the Task Force would act on Camel Group's Petition shortly after the meeting. The Task Force has not provided any indication of whether it has in fact acted on Camel Group's Petition and has provided no indication that it has further questions or requires further information regarding Camel Group's Petition. Unfortunately, this lack of transparency continues to call into question the fairness of this process. In fact, as of the date of this letter, the Task Force has still not responded to Camel Group's *multiple requests* for its Administrative Record, Camel Group's FOIA request remains pending with the exact DHS office that chairs the Task Force (DHS PLCY), and Camel Group is still completely in the dark about why it was placed on the UFLPA Entity List, the rules regarding the removal process itself (including the standards of proof to which the Task Force would be held), and the status of Camel Group's Petition.

Today's actions combined with the Task Force's lack of transparency and communication throughout this process has caused Camel Group significant concern regarding what evidence the Task Force is relying on, particularly when the only evidence we are aware of indisputably demonstrates Camel Group "no longer meets or does not meet the criteria described" in UFLPA Sec. 2(d)(B)(ii) and should not be named on the UFLPA Entity List. Therefore, we request that you provide us with an update on the status of Camel Group's Petition immediately but no later than Friday, May 17 at 5:00pm EST.

Thank you and we look forward to receiving the Task Force's decision soon.

Sincerely,

Mark V. Heusel