IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE

CAMEL GROUP CO., LTD.,

        *Plaintiff*,

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
CUSTOMS AND BORDER
PROTECTION; FORCED LABOR
ENFORCEMENT TASK FORCE;
ALEJANDRO MAYORKAS, *in his
official capacity as the Secretary of the
Department of Homeland Security*;
TROY A. MILLER, *in his official
capacity as the Senior Official Performing
the Duties of the Commissioner for
U.S. Customs and Border Protection*;
ROBERT SILVERS, *in his official capacity
as Under Secretary for Office of Strategy,
Policy, and Plans and Chair of the Forced
Labor Enforcement Task Force*;

        *Defendants*.

Case No.: 25-00022

Mark V. Heusel
Jacob L. Clark (*admission pending*)
Dickinson Wright PLLC
350 S. Main Street, Ste. 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
jlclark@dickinsonwright.com
*Attorneys for Plaintiff*

**EXHIBIT 23 - JULY 9TH REMOVAL DECISION**

*Office of Strategy, Policy, and Plans*

**U.S. Department of Homeland Security**
**Washington, DC 20528**



July 9, 2024

Mark V. Heusel
350 S. Main Street, Suite 300
Ann Arbor, MI 48104-2131

**Subject:** **The Forced Labor Enforcement Task Force's Decision Regarding Camel Group Co., Ltd.'s Request for Removal from the Uyghur Forced Labor Prevention Act Entity List**

Dear Mr. Heusel:

Following consideration of Camel Group Co., Ltd.'s (Camel Group) request for removal from the Uyghur Forced Labor Prevention Act (UFLPA) Entity List, the Forced Labor Enforcement Task Force (FLETF) has determined that the information provided by Camel Group as part of its removal request did not demonstrate that Camel Group either does not meet or no longer meets the criteria described in Section 2(d)(2)(B)(ii) of the UFLPA. Camel Group will remain on the UFLPA Entity List.

As you are aware, on August 2, 2023, the U.S. Department of Homeland Security published a Federal Register Notice announcing the addition of Camel Group to the UFLPA Entity List described in Section 2(d)(2)(B)(ii) of the UFLPA (Public Law 117-78). The list described in Section 2(d)(2)(B)(ii) of the UFLPA is "entities working with the government of the Xinjiang Uyghur Autonomous Region to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of the Xinjiang Uyghur Autonomous Region."

The Federal Register Notice describes the process for entities to request removal from the UFLPA Entity List. The Federal Register Notice states "[a]ny listed entity may submit a request for removal (removal request) from the UFLPA Entity List along with supporting information to the FLETF Chair at *FLETF.UFLPA.EntityList@hq.dhs.gov*. In the removal request, the entity (or its designated representative) should provide information that demonstrates that the entity no longer meets or does not meet the criteria described in the applicable clause ((i), (ii), (iv), or (v)) of section 2(d)[(2)](B) of the UFLPA."

On November 7, 2023, Camel Group submitted a removal request to the FLETF. The FLETF reviewed Camel Group's removal request and prepared questions for Camel Group. On December 14, 2023, the FLETF sent a set of questions to Camel Group. On December 21, 2023, Camel Group acknowledged receipt of the FLETF's questions, raised concerns about responding to certain questions posed by the FLETF, and requested information explaining the reasons for

UNCLASSIFIED

Camel Group's addition to the UFLPA Entity List. On January 31, 2024, the FLETF responded to Camel Group's letter and advised Camel Group that the FLETF welcomes Camel Group's responses to the questions it chooses to answer and that the FLETF will consider any and all information Camel Group provides to assess the removal request. On March 1, 2024, Camel Group provided responses to the FLETF's questions.

In its removal request and responses to the FLETF's questions, Camel Group asserts that it did not participate in the Toksun County Labor Transfer Program (Labor Transfer Program) in 2017 and that if the FLETF relied on this information to add Camel Group to the Section 2(d)(2)(B)(ii) list of the UFLPA, it is inaccurate. Camel Group provides a number of certifications/affidavits, signed subject to penalty of perjury, that contend that the information relied upon by the FLETF was subject to a factual correction following initial publication that undermines the FLETF's reasoning for placing Camel Group on the UFLPA Entity List. Camel Group also submitted several documents, including employee lists, its corporate record and business license, and its supplier regulations, to support its assertion that Camel Group did not participate in or benefit from any labor transfer programs. Camel Group further suggests that, although it never participated in any labor transfer programs, the Labor Transfer Program ended in 2019, and so it is not possible for Camel Group to be on the UFLPA Entity List under Section 2(d)(2)(B)(ii) on the basis of reporting related to this Labor Transfer Program.

Camel Group's removal request also included a request to meet with the FLETF. On March 15, 2024, the FLETF informed Camel Group that the FLETF agreed to accept Camel Group's meeting request prior to the FLETF's vote on the removal request, and, on March 22, 2024, the FLETF provided meeting protocols to Camel Group. In the protocols, the FLETF advised Camel Group that the meeting would be structured as a listening session to allow Camel Group to present or highlight information that it would like the FLETF to consider. The protocols also provided that any new information presented by Camel Group during the meeting must be submitted to the FLETF in writing. On April 2, 2024, the FLETF held a virtual meeting with Camel Group. Following the meeting, on April 5, 2024, Camel Group submitted a letter to the FLETF. In the letter, Camel Group indicated that it had no further documents or materials to provide the FLETF and that it considered the record for its removal request closed. Camel Group did not submit new information in writing to the FLETF.

On May 16, 2024, Camel Group submitted a letter to the FLETF Chair, requesting that the FLETF provide an update on the status of its removal request. On May 24, 2024, the FLETF sent a communication to update Camel Group on the status of its removal request. The FLETF informed Camel Group that the FLETF intended to issue its decision on their removal request within 30 business days and that the FLETF Chair would advise Camel Group in writing of the FLETF's decision.

The FLETF also provided Camel Group with a summary of the information the FLETF relied upon when considering whether to add Camel Group to the UFLPA Entity List. The FLETF added Camel Group to the UFLPA Entity List because it determined, based on publicly available information, that there was reasonable cause to believe Camel Group participated in the Labor Transfer Program and that Camel Group received workers from Uyghur-majority areas in southern Xinjiang through a handover ceremony coordinated by the Toksun County government

UNCLASSIFIED

UNCLASSIFIED

in Turpan Prefecture in Xinjiang. Given the information indicating Camel Group's work with the Xinjiang government to receive Uyghurs and/or members of other persecuted groups from the Xinjiang Uyghur Autonomous Region, the FLETF determined that Camel Group satisfied the criteria for addition to the Section 2(d)(2)(B)(ii) list of the UFLPA. After receiving the FLETF's May 24, 2024 letter, Camel Group did not submit any new information in writing to the FLETF.

After reviewing all of the information provided by Camel Group to the FLETF, the FLETF has determined that Camel Group's removal from Section 2(d)(2)(B)(ii) list of the UFLPA is not warranted. The FLETF determined the information provided by Camel Group as part of its removal request did not demonstrate that Camel Group either does not meet or no longer meets the criteria described in Section 2(d)(2)(B)(ii) of the UFLPA.

In reaching its conclusion, the FLETF has carefully considered all of the arguments made on behalf of your clients. The FLETF determined that Camel Group did not provide sufficient, credible information to demonstrate it did not and does not participate in Toksun County government's labor transfer programs to recruit, transfer, or receive workers from Uyghur-majority areas in southern Xinjiang.

Based on publicly available information from 2017, 2023, and 2024 illustrating continued Toksun County implementation of labor transfer schemes and Camel Group participation in Toksun County-sponsored labor recruitment events, the FLETF has reasonable cause to believe that Camel Group is working with the Toksun County government to recruit individuals from Uyghur-majority areas who are likely Uyghurs, Kazakhs, and/or Kyrgyz. These sources therefore cast doubt on Camel Group's assertion that it has not employed anyone through the Labor Transfer Program.

The FLETF's decision to deny Camel Group's request for removal is not appealable; however, Camel Group may submit a new request for removal if it can provide new information to support such a request.

If you have further questions, please email the FLETF at FLETF.UFLPA.ENTITYLIST@hq.dhs.gov.

Thank you for your engagement on this request.

UNCLASSIFIED