# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

CAMEL GROUP CO., LTD.,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
CUSTOMS AND BORDER
PROTECTION; FORCED LABOR
ENFORCEMENT TASK FORCE;
ALEJANDRO MAYORKAS, *in his
official capacity as the Secretary of the
Department of Homeland Security*;
TROY A. MILLER, *in his official
capacity as the Senior Official Performing
the Duties of the Commissioner for
U.S. Customs and Border Protection*;
ROBERT SILVERS, *in his official capacity
as Under Secretary for Office of Strategy,
Policy, and Plans and Chair of the Forced
Labor Enforcement Task Force*,

    *Defendants*.

Case No.: 25-00022

Hon. Lisa W. Wang

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to the April 11, 2025 Order of this Court (ECF No. 21) ("Order"), Plaintiff Camel Group Co., Ltd. ("Camel Group" or "Plaintiff") submits the following supplemental brief ("Brief") in response to Defendants' United States of America, U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), Forced Labor Enforcement Task Force ("FLETF"), Alejandro Mayorkas, in his official capacity as the Secretary of the DHS, Troy A.

1

Miller, in his official capacity as the Senior Official Performing the Duties of the Commissioner for CBP, and Robert Silvers, in his official capacity as DHS Under Secretary for Office of Strategy, Policy, and Plans and Chair of FLETF (collectively, "Defendants") Motion for Entry of Protective Order (ECF No. 12).  Per this Court's Order, Plaintiff identifies in its Brief the parts within the Public Administrative Record (ECF No. 19) ("AR") it believes have been incorrectly designated as "Confidential Information," and, to the extent possible, explains why those documents should be designated as "Public" or, in the alternative, "Camel Confidential Information."

In its Brief, Plaintiff is only able to identify those records whose "Confidential" designation Plaintiff believes are at issue based solely on information available in the "Public" version of the AR (ECF No. 19).  The 8 documents that are at issue in Defendant's Motion were withheld in their entirety from the AR and Defendants have refused to provide any descriptions as to what those documents are or where they come from.  Defendants have refused to provide any of these documents or even disclose the titles to Plaintiff's counsel for review.  While disappointing, it is not surprising given how Defendants refused to disclose any information to Plaintiff during the entire administrative removal process. Because Plaintiff's counsel were not permitted to review any part of the documents identified below, Plaintiff's identification of documents it believes have been improperly designated as "Confidential" as well as its reasons supporting a "Public" or "Camel Confidential" designation is based only on Plaintiff's counsel's own analysis of the unredacted portions in the AR and how Defendants cited to these documents throughout the AR.

Below are the documents Plaintiff has identified in the AR Index (ECF No. 19, at pp. 4-10) that it believes should not be designated as "Confidential" and instead should be "Public" or, in the alternative, "Camel Confidential Information," along with the reasons why.  Again, because Plaintiff's counsel has not seen the documents, titles, or even a description of their content,

Plaintiff's arguments in this Brief are based on its own informed analysis from the public AR. It should be noted that each document identified by Plaintiff below is a sub-attachment or exhibit to a document package contained in Administrative Record Index Document No. 2 titled "Memorandum from Robert Silvers, Under Sec'y of Homeland Sec., Off. Of Strategy, Policy, and Plans, *Forced Labor Enforcement Task Force Denial of Camel Group Co., Ltd. Request for Removal the Uyghur Forced Labor Prevention Act Entity List* (September 4, 2024) (ECF No. 19, at p. 4) ("AR Doc. Package #2"):

1. **AR Doc. Package #2, Attachment 11: Uyghur Forced Labor Prevention Act (UFLPA) Entity List Package 23-004 from U.S. Dep't of Homeland Sec. to Forced Labor Enforcement Task Force ("Attachment 11"), Attachment D (Original) (last visited April 4, 2023), Bates No.: AR001751-AR001761 and Attachment D (English translation) (last visited April 4, 2023), Bates No.: AR001762-AR001776**

   a. Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"

The unredacted portions of the titles of both versions of Attachment D state that these documents are an "Original" and "English translation," and that the FLETF "last visited" these documents on April 4, 2023. These unredacted portions imply i) that these are originally a Chinese language document and an English translation (although it is unclear who prepared the translation), and ii) that these documents were accessed (*i.e.*, "visited") through the Internet and are likely publicly available. Regardless of whether it is a Chinese language document or a China-origin document, it was still likely accessed publicly through a website on the Internet and is, therefore, a "publicly available" document. Since it is "publicly available," it should be designated as "Public" or, in the alternative, "Camel Confidential Information." *See* CVB, Inc. v. United States, 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this information is publicly available, it fails to qualify as confidential or business proprietary information."). This is especially so since Defendants appear poised to designate both versions of AR Doc. Package #2, Attachment 11,

Attachment G as "Public" or "Camel Confidential Information," both of which are also China-origin, Chinese language articles and its English translation like the Attachment D described here. Lastly, it is also possible that these documents may be the actual regulations of the Labor Transfer Program in Toksun County itself.  AR001647 states that "Enterprises in Toksun County" were subject to the Labor Transfer Program, and cites to footnote 6 for support which is completely redacted.  If the Attachment D documents are or relate to these regulations, Plaintiff would note that Defendants have already designated the Chinese version of this as "Public" or "Camel Confidential Information."  *See* ECF No. 19, at p. 5, AR001077-AR001084.

2. **AR Doc. Package #2, Attachment 11, Attachment F, Bates No.:  AR001785-AR002764**

   a. <u>Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"</u>

AR001647-AR001648 (ECF No. 19, at p. 94-95) contains an entry that states the following in reference to description of the Labor Transfer Program Plaintiff is alleged to have participated in: "…[C]omponents of training indicate that the participants were members of persecuted ethnic groups because they were from southern Xinjiang, a majority Uyghur population (fn. 10), and were forced to endure treatment encountered by Uyghurs or other persecuted groups in XUAR. (fn. 11)."  The latter citation of "footnote 11" is completely redacted except to identify that this statement is supported by Attachment F.  It is clear from this entry that the FLETF believes Attachment F is one of the documents that support its allegations against Plaintiff and are therefore a critical part of the AR.  As the FLETF stated in its July 9, 2024 Decision Letter (ECF No. 5-24), the reason for concluding that Plaintiff participated in a "labor transfer scheme" was based on "publicly available information."  Accordingly, based on the manner in which this is referenced and cited in the AR, Attachment F is likely a "publicly available" report.  Since these are likely "public" documents, this document should similarly be designated as "Public" or, in the

4

alternative, "Camel Confidential Information." See CVB, Inc., 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this information is publicly available, it fails to qualify as confidential or business proprietary information.").

3. **AR Doc. Package #2, Attachment 11, Attachment H, Bates No.: AR002784-AR002791**

   a. <u>Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"</u>

AR001648 (ECF No. 19, at p. 95) contains an entry that states: "After completion of the 'training,' there was a 'handover ceremony' where government officials had the workers dispatched to companies, including Camel Group. (fn. 12)." The citation in footnote 12 cites the WeChat Article that Defendants appear poised to designate as "Public" or "Camel Confidential Information." See AR. Doc. Package #2, Attachment 11, Attachment G (AR002765-AR002773 (Chinese version) and AR002774-AR002783 (English translation)); see also AR Doc. Package #2, Attachment 2, Exhibit 19 (AR001085-AR001090); see also ECF No. 5-8. The footnote then cites as a "see also" to Attachment H, implying that it is likely a similar public report as the WeChat Article that is already designated as "Public" or "Camel Confidential." Since these are likely "public" documents that contain the same information as other documents already designated as "Public" and/or "Camel Confidential Information," this document should similarly be designated as "Public" or, in the alternative, "Camel Confidential Information." See CVB, Inc., 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this information is publicly available, it fails to qualify as confidential or business proprietary information.").

Alternatively, it is clear from this entry that Attachment H contains the same core allegations regarding Plaintiff's alleged participation in the Labor Transfer Program. As the FLETF stated in its July 9, 2024 Decision Letter (ECF No. 5-24), the reason for concluding that Plaintiff participated in a "labor transfer scheme" was based on "publicly available information."

5

Accordingly, based on the manner in which it is referenced and cited in the AR, Attachment H is likely a "public" document and should similarly be designated as "Public" or, in the alternative, "Camel Confidential Information." Id.

4. **AR Doc. Package #2, Attachment 13 (dated October 23, 2017), Bates No. AR002935-AR002941**

    a. <u>Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"</u>

AR Doc. Package #2 includes an explanation of the reports and evidence which the FLETF relied on when denying Plaintiff's Removal Request Petition. This document package is labeled as "Unclassified." AR000014 (ECF No. 19, at p. 24) contains an entry that states: "[REDACTED], Camel Group participated in a state-sponsored labor recruitment event for surplus laborers hosted by Toksun County. A member of the Toksun County government [REDACTED]. (Attachment 13)." Further, per AR00014-AR00015 (ECF No. 19, at pp. 24-25): "Additionally, although the Three-year Plan may have ended, there is evidence that Camel Group works with Toksun County to recruit members of persecuted groups, by participating in a state-sponsored job fair for surplus laborers operated by the Toksun County government. (Attachments 13, 14)."

It is clear from these entries that Attachment 13 is a report from Oct. 2017 that the FLETF believes supports its conclusion that Plaintiff participated in the Labor Transfer Program in Toksun County. As the FLETF stated in its July 9, 2024 Decision Letter (ECF No. 5-24), the reason for concluding that Plaintiff participated in a "labor transfer scheme" was based on "publicly available information from *2017*, 2023 and 2024" (emphasis added). Accordingly, based on the manner in which this document is cited in the AR and its date of Oct. 2017, Attachment 13 must be (one of) the "publicly available" reports from 2017 relied on by the FLETF. Since it is "publicly available," it should be designated as "Public" or, in the alternative, "Camel Confidential Information." *See*

6

CVB, Inc., 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this information is publicly available, it fails to qualify as confidential or business proprietary information.").

5. **AR Doc. Package #2, Attachment 14 (dated March 4, 2023), Bates No. AR002942-AR002949**

    a. <u>Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"</u>

AR Doc. Package #2 includes an explanation of the reports and evidence which the FLETF relied on when denying Plaintiff's Removal Request Petition. This document is labeled as "Unclassified." On AR000014 (ECF No. 19, at p. 24), it contains an entry that states: "[REDACTED], Camel Group had recruited and received [REDACTED] through a state-sponsored job fair for surplus laborers operated by the Toksun County government. (Attachment 14)." Further, per AR00014-AR00015 (ECF No. 19, at pp. 24-25): "Additionally, although the Three-year Plan may have ended, there is evidence that Camel Group works with Toksun County to recruit members of persecuted groups, by participating in a state-sponsored job fair for surplus laborers operated by the Toksun County government. (Attachments 13, 14)."

It is clear from these entries that Attachment 14 is a report the FLETF believes supports its conclusion that Plaintiff participated in, recruited and received laborers from the Labor Transfer Program in Toksun County. As the FLETF stated in its July 9, 2024 Decision Letter (ECF No. 5-24), the reason for concluding that Plaintiff participated in a "labor transfer scheme" was based on "publicly available information from 2017, *2023* and 2024" (emphasis added). Accordingly, based on the manner in which this document is cited in the AR and its date of Mar. 2023, Attachment 14 must be (one of) the 2023 "publicly available" reports relied on by the FLETF. Since it is "publicly available," it should be designated as "Public" or, in the alternative, "Camel Confidential Information." See CVB, Inc., 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this

7

information is publicly available, it fails to qualify as confidential or business proprietary information.").

6. **AR Doc. Package #2, Attachment 16 (dated June 9, 2024), Bates No. AR002952-AR002967**

   a. Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"

AR Doc. Package #2 includes an explanation of the reports and evidence which the FLETF relied on when denying Plaintiff's Removal Request Petition. This document is labeled as "Unclassified." On AR000014 (ECF No. 19, at p. 24), it contains an entry that states: "Although the 'Three-year Plan' to promote labor transfers identified in Package 24-004 has conceivably ended, additional FLETF research indicates that Toksun County labor transfer programs remain active and ongoing. [REDACTED] indicates that Toksun County continued to participate in labor transfers, having transferred [REDACTED]. (Attachment 16)."

It is clear from this entry that Attachment 16 is a report that appears to claim that "labor transfer programs" in Toksun County "remain active and ongoing," although it does not specify whether the specific Labor Transfer Program Plaintiff is accused of participating in remained ongoing.[1] As the FLETF stated in its July 9, 2024 Decision Letter (ECF No. 5-24), the reason for concluding that Plaintiff participated in a "labor transfer scheme" was based on "publicly available information from 2017, 2023 *and 2024*" (emphasis added). Accordingly, based on this context on how it is cited in the AR and its date of June 2024, Attachment 16 must be (one of) the "publicly available" reports relied on by the FLETF from 2024. Since it is "publicly available," it should be

---

[1] It is also noteworthy that Attachment 16 is dated June 9, 2024, which means that the FLETF discovered this document months after its "listening session" but before its vote on Plaintiff's Removal Petition, yet it failed to disclose or ask any follow up questions about it. This leaves Plaintiff to question whether FLETF was still attempting to locate any new information on Camel Group in a last-minute attempt to try to justify its decision to deny Plaintiff's Removal Petition.

designated as "Public" or, in the alternative, "Camel Confidential Information." *See* CVB, Inc., 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this information is publicly available, it fails to qualify as confidential or business proprietary information.").

7. **AR Doc. Package #2, Attachment 17, Bates No. AR002968-AR002976**

   a. <u>Reason(s) it Should Be Public, or in the alternative, "Camel Confidential Information"</u>

AR Doc. Package #2 at AR000015 (ECF No. 19, at p. 25) is the only reference to Attachment 17 in the AR, which identifies it as a document the FLETF relied upon in evaluating Plaintiff's Removal Petition, to support its conclusion of Plaintiff's alleged participation in the Labor Transfer Program, and ultimately deny Plaintiff's Removal Petition. The public AR does not provide any further information as to what Attachment 17 may be, as Defendants have redacted its entire title. As the FLETF stated in its July 9, 2024 Decision Letter (ECF No. 5-24), the reason for concluding that Plaintiff participated in a "labor transfer scheme" was based on "publicly available information from 2017, 2023 and 2024." As such, Attachment 17 likely a public document and should be designated as "Public" or, in the alternative, "Camel Confidential Information." *See* CVB, Inc., 681 F. Supp. 3d 1313, 1320 (Ct. Int'l Trade 2024) ("Because this information is publicly available, it fails to qualify as confidential or business proprietary information.").

In the alternative, if it was relied upon by the FLETF to make its decision, then it must be a critical part of the AR. In order for Plaintiff's counsel to adequately argue points on the record, documents like Attachment 17 which the FLETF relied on must be designated as at least "Camel Confidential Information" to allow Plaintiff's counsel to clarify this document with Plaintiff as necessary.

                                        Respectfully submitted,

                                        **DICKINSON WRIGHT PLLC**

                                        */s/ Mark V. Heusel*
                                        Mark V. Heusel
                                        Jacob L. Clark
                                        DICKINSON WRIGHT PLLC
                                        350 S. Main Street, Suite 300
                                        Ann Arbor, MI 48104
                                        (734) 623-1908
**DATE:** April 21, 2025                   *Attorneys for Plaintiff*