# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMEL GROUP CO., LTD.,<br><br>          *Plaintiff*,<br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FORCED LABOR ENFORCEMENT TASK FORCE; ALEJANDRO MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*; ROBERT SILVERS, *in his official capacity as Under Secretary for Office of Strategy, Policy, and Plans and Chair of the Forced Labor Enforcement Task Force*,<br><br>          *Defendants*. | Case No.:  25-00022<br><br>Hon. Lisa W. Wang |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD

Plaintiff Camel Group Co., Ltd. ("Camel Group" or "Plaintiff") submits its response in opposition to Defendants' ("Defendants" or "Government") Motion to Extend the Time to File a Response to Plaintiff's Motion for Judgment on the Agency Record ("Motion").  Plaintiff filed its Motion for Judgment on the Agency Record on September 29, 2025 (ECF 47 and 48).  Shortly after, the Government entered a shutdown of certain government functions.  Once the Government was re-opened on November 12, 2025, the parties submitted a joint status report (ECF 54) on November 24, 2025, whereby Defendants then requested an astounding 73-day extension of its

deadline to file its response to the Plaintiff's Motion for Judgment on the Agency Record. While this Court granted Defendants' request over Plaintiff's objection (ECF 55), the Court cautioned that it "intends to hold the parties to their statements that they 'can realistically complete the necessary work without seeking further extensions from the [c]ourt.'" ECF 55, fn. 1 (internal citations omitted). Now, despite the Court's warning and the Government's representation that it could "realistically complete the necessary work without seeking further extensions" (ECF 54, at p. 4), Defendants seek an additional 14-day extension because of their case load.

Defendants cite to its "limited resources" and "extremely heavy workload" of its counsel as the good cause to grant its Motion. ECF 56, at p. 3. "An 'overextended caseload is not 'good cause shown,' unless it is the result of events unforeseen and uncontrollable by both counsel and client.'" *Mondiv, Div. of Lassonde Specialties Inc. v. United States,* 219 F. Supp. 3d 1364, 1365 (Ct. Int'l Trade 2017) (holding a busy schedule does not meet "good cause" to extend a deadline) quoting *Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991). A "general assertion of a busy schedule does not satisfy the good cause standard." Id. (internal citation omitted). The Government's assertion that the expedited litigation schedules in the cases *Camel Energy, Inc. v. United States, et. al.* (Case Nos. 25-230 and 25-420) (J. Kelly, presiding) is unconvincing. In that case, one key deposition is already completed, and the Government has pushed two other critical depositions until the end of February. Seeing that these litigations began in November and December 2025, the Government's obligations in these other cases were completely foreseeable and should not impact the already once amended litigation schedule in this case. Seeing that the Government has already completed a draft and is simply seeking review from its client, it is unclear how the Government's schedule in the other cases would impact this one.

Additionally, Plaintiff filed this case over one year ago on January 17, 2025. The case has always been heading towards the present Motion for Judgment on the Agency Record, which is

based entirely on the Administrative Record (a Government document) that the Government filed with this Court on April 7, 2025. No new evidence or additional discovery was permitted or required. As such, the Government has had the Administrative Record, the *only* relevant documents necessary for this matter and the Government's response, for over 290 days. This is more than enough time to prepare for its response, and such a deadline was entirely foreseeable and even controlled by counsel as evidenced by at least one extension granted to the Government already. Moreover, Defendants admit that a draft is finished and it only needs to complete a simple review from its client and finalization of a document. ECF 56, at p. 4. Such actions cannot reasonably require an additional two weeks of counsel, especially after Defendants have had more than two months where it could have diligently planned for or anticipated this completely foreseeable need. As such, Defendants have not demonstrated good cause for their Motion, and it should be denied.

It is also worth emphasizing that it was Defendants' counsel who represented that a 73-day extension, which Plaintiff opposed, was necessary to allows Defendants "to complete the necessary work without seeking further extensions from the [c]ourt." ECF 54, at p. 4. Now Defendants are backtracking on that representation, saying that even the 73-days, or more than two months, was insufficient to complete its response. Defendants have had Plaintiff's motion since September 29, 2025, which means they have been in possession of it for more than 116 days. If you remove the 43-day lapse in appropriations, that means Defendants have had since November 12, 2025 or 72 days to prepare a response, *which is still more than double the 35 days permitted for a response time per USCIT R. 56.1(d)*. This is to say nothing of the fact that the Government has been in possession of the Administrative Record, the only document on which this entire litigation and Defendants' response would be based, for more than 290 days to prepare for its upcoming response deadline. Even though Defendants admit that they have already prepared a

3

draft and despite already receiving a 73-day extension of time from the Court, Defendants now seek *another* 14 days to merely finalize their response and get review from their client.

Plaintiff has been seeking relief from the actions of the Defendants for nearly 2.5 years and have encountered one delay after another. It went through a multi-month administrative process between August 2023 and July 2024. Then, Plaintiff encountered months of litigation caused by arguing over redactions and designations in the administrative record so it could properly litigate this case. Then, Plaintiff had to endure a historic 43-day shutdown and finally had to wait out a 73-days extension given to the Government before this litigation could finally take its next step towards its conclusion. The Government represented in the parties Joint Status Report that the 73-day extension was sufficient and it would not need further extensions from the Court. ECF 54, at p. 4. That turned out to be untrue. This Court should "hold the parties" to the statement that Defendants' "can realistically complete the necessary work without seeking further extensions" (ECF 55, at fn. 1) and deny Defendants' Motion.

Respectfully submitted,

*/s/ Mark V. Heusel*
Mark V. Heusel
Jacob L. Clark
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
*Attorneys for Plaintiff*

**DATE:** January 26, 2026